**DUPLICATE MANDATE**

Cortijo v. Bennett
06-5195-pr

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of September, two thousand and eight.

Present:  DENNIS JACOBS,
                      Chief Judge,
          ROSEMARY S. POOLER,
                      Circuit Judge,
          JANE A. RESTANI,[1]
                      Judge.



ELEUTORIO CORTIJO,

                        Petitioner-Appellee,

                v.                                              (06-5195-pr)

FLOYD G. BENNETT, Superintendent, Elmira
Correctional Facility, and ANDREW M. CUOMO
New York State Attorney General,[2]

                        Respondents-Appellants.

---

[1] The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

[2] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), New York State Attorney General, Andrew M. Cuomo, is automatically substituted for former New York State Attorney General, Eliot Spitzer, as a respondent in this case.

ISSUED AS MANDATE: OCT 21 2008

Appearing for Appellee: Lorraine Maddalo, The Legal Aid Society, New York, NY.

Appearing for Appellant: Christopher P. Marinelli, Assistant District Attorney (Morris I. Kleinbart on the brief), for Robert M. Morgenthau, District Attorney, New York County, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Buchwald, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that the judgment of the District Court is **AFFIRMED**.

The state appeals from an order and an amended order of the United States District Court for the Southern District of New York (Buchwald, J.) entered on October 12, 2006, and October 26, 2006, respectively, granting Eleutorio Cortijo's petition for habeas corpus. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

In February 1999, while he was awaiting trial for the 1977 murder of his father, Cortijo, who had been diagnosed with paranoid schizophrenia, attacked a security guard at Bellevue Hospital psychiatric ward. At his September 1999 murder trial in New York State Supreme Court (Solomon, J.), Cortijo's expert psychiatrist testified that self-incriminating statements Cortijo made in 1995 and 1998 could not be considered credible, because of his mental disorder. Nevertheless, a jury convicted Cortijo of second-degree murder, and he was sentenced to twenty-five years to life in state prison. That conviction is the subject of a separate appeal. See Cortijo v. Bennett, 179 Fed. Appx. 776 (2d Cir. 2006).

In December 1999, following a bench trial before the same judge who had presided over his murder trial, Cortijo was acquitted of attempted murder and convicted of second-degree assault for the attack on the guard. Cortijo was sentenced on the assault conviction to an indeterminate term of fifteen years to life, to run consecutively with the sentence for murder. Cortijo was represented by the same attorney at both trials. During the assault trial, Cortijo's defense counsel failed to assert, or even investigate, the defense that Cortijo was not responsible by reason of mental disease or defect ("NRRMDD"). See N.Y. Penal Law § 40.15.

After a direct appeal of his assault conviction failed, Cortijo moved to vacate the judgment under New York Criminal Procedure Law § 440.10(1)(h), alleging ineffective assistance of counsel. Cortijo's defense counsel was successful in securing acquittal on the attempted murder charge, but not so on the second-degree assault charge. Cortijo's defense counsel conceded that he had not solicited the opinion of the psychiatrist who had examined Cortijo in connection with his murder trial nor that of any other medical health professional, concerning the possibility of an NRRMDD defense. He could not recall with certainty, but thought that Cortijo had instructed him not to assert such a defense. Cortijo denied this. Cortijo's defense counsel also recalled that during the murder trial he had unsuccessfully presented psychiatric evidence and he had concluded that a psychiatric defense would not work in a bench trial before the same judge who had tried Cortijo's murder case. The New York State Supreme Court (Solomon, J.) denied Cortijo's motion. Cortijo then brought this petition for a

2

writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for second-degree assault, on the ground of ineffective assistance of counsel. This petition has no bearing on Cortijo's sentence of twenty-five years to life for his prior murder conviction.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a person convicted under state law is entitled to habeas corpus relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1) or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). Here, § 2254(d)(1) is implicated. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000); see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003). "[T]o be 'unreasonable,' the state court's application of federal law must reflect some increment of incorrectness beyond error, although that increment need not be great." Gersten v. Senkowski, 426 F.3d 588, 607 (2d Cir. 2005) (citations and internal quotation marks omitted). The error need not be one that reasonable jurists would all agree is unreasonable, Williams, 529 U.S. at 409, but it must be one that the habeas court concludes is unreasonable, not merely erroneous or incorrect, id. at 411. This Court reviews a district court's ruling on a habeas petition de novo. English v. Artuz, 164 F.3d 105, 108 (2d Cir. 1998).

The pertinent federal law is derived from Strickland v. Washington, 466 U.S. 668, 687 (1984). The district court, after correctly stating the standards for determining habeas petitions summarized above, concluded that the New York State Supreme Court had unreasonably applied Strickland. Under Strickland, a defendant is deprived of a fair trial by his defense counsel when the counsel's performance was "outside the wide range of professionally competent assistance," id. at 690, and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." id. at 694. We agree with the district court that New York State Supreme Court applied Strickland in a manner that was objectively unreasonable.

The psychiatric evidence presented at Cortijo's trial for the murder of his father concerned whether his mental illness caused him to have delusions that would explain a false murder confession. By contrast, the psychiatric evidence that would have been presented had an NRRMDD defense been raised at the trial for the attack on the guard would have concerned whether Cortijo's paranoid schizophrenia deprived him of the "substantial capacity to know or appreciate either . . .[t]he nature and consequences of such conduct; or [t]hat such conduct was wrong." New York Penal Law § 40.15. It was unreasonable to conclude, as the New York State Supreme Court implicitly did, that it was within the range of professionally competent legal representation to infer from the failure of the psychiatric defense in the murder trial that an NRRMDD defense would necessarily fail in the assault trial.

There is no indication in the record that Cortijo's defense counsel "had the education or experience necessary" to assess relevant psychiatric evidence, or "to make for himself a reasonable, informed determination as to whether an expert should be consulted or called to the stand." Pavel v. Hollins, 261 F.3d 210, 224 (2d Cir. 2001). It was unreasonable to conclude, as

3

the New York State Supreme Court implicitly did, that Cortijo's defense counsel could decide, without consulting an expert, that an NRRMDD defense would be futile, while remaining within the range of professionally competent legal representation.

It was also unreasonable to conclude that there was no "probability sufficient to undermine confidence in the outcome," Strickland, 466 U.S. at 694, that an NRRMDD defense would have been successful. Such a defense would have presented very different psychiatric issues from those raised in the murder trial, as we have noted, and "[t]he assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision." Id. at 695.

We have considered the state's other contentions and found them unavailing. We conclude that the district court correctly ruled that the New York State Supreme Court unreasonably applied clearly established Federal law when it rejected Cortijo's constitutional challenge to his conviction.

For the foregoing reasons, we AFFIRM the decision of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: *Richard Alcantara*
Richard Alcantara, Deputy Clerk

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by_____ DEPUTY CLERK

4